UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRIAN M. LOWENTHAL,<br><br>    Plaintiff,<br><br>    v.<br><br>WILSHIRE COMMERCIAL PROPERTIES LLC, et al.,<br><br>    Defendants. | Case No. 2:25-cv-04547-CV-JDE<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the records on file, including the Complaint (Dkt. 1), the Order re Complaint issued by the assigned magistrate judge (Dkt. 7, "Order re Complaint"), and the Report and Recommendation of the magistrate judge (Dkt. 9, "Report"). Plaintiff did not file a timely objection to the Report or seek additional time in which to do so. The Report is approved and accepted.

    After the deadline to file objections to the Report, Plaintiff filed an "Amended Complaint" (Dkt. 11, "Amended Complaint"), a Motion to Reopen Dismissed Action" (Dkt. 12, "Motion to Reopen"), and an Emergency Motion for Temporary Restraining Order (Dkt. 13, "TRO Request").

As the case had not been closed or dismissed, the assigned magistrate judge denied the Motion to Reopen as moot. Dkt. 13.

As to the Amended Complaint, although the magistrate judge, in the Order re Complaint, provided Plaintiff an option to file an amended complaint by June 11, 2025, Plaintiff did not do so. As such, the Amended Complaint was filed in violation of the Order re Complaint, rendering it subject to being stricken. Even were the Court to consider the substance of the Amended Complaint, it cannot proceed. The Amended Complaint asserts a single claim for "Declaratory Judgment" under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, naming U.S. Department of Housing and Urban Development ("HUD"), the U.S. Department of Veteran Affairs (the "VA"), and "Wilshire Properties" as defendants. Dkt. 11 at 1-2. As to HUD and the VA, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1993). Further, "[t]he Declaratory Judgment Act . . . does not provide a waiver of sovereign immunity." Alter v. U.S. Supreme Ct., 2023 WL 4873627, at *3 (C.D. Cal. July 31, 2023). Thus, Plaintiff may not sue HUD or the VA under the Declaratory Judgment Act. As to Wilshire Properties, the Declaratory Judgment Act does not create an independent cause of action or independently confer jurisdiction; rather, it gives district courts discretion to award declaratory relief. See Countrywide Home Loans, Inc., v. Mortgage Guar. Ins. Corp., 642 F.3d 849, 853 (9th Cir. 2011). Federal courts must "properly derive [jurisdiction] from the underlying controversy between litigants." Id. The Amended Complaint sets forth no viable, independent basis for federal jurisdiction as to any purported controversy between Plaintiff and Wilshire Properties. As such, the Amended Complaint cannot proceed.

Lastly, in his TRO Request, Plaintiff seeks an order preventing a state court unlawful detainer action and eviction from proceeding. "[I]njunctive

relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). A preliminary injunction is appropriately used to preserve a party's rights pending resolution of the merits of the case. See Big Country Foods, Inc. v. Bd. of Educ. of the Anchorage Sch. Dist., Anchorage, 868 F.2d 1085, 1087 (9th Cir. 1989). To obtain such relief, a moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. Winter, 555 U.S. at 20. The same standard applies to both preliminary injunctions and temporary restraining orders. See Henry Schein, Inc. v. Cook, 191 F. Supp. 3d 1072, 1076 (N.D. Cal. 2016); Niu v. United States, 821 F. Supp. 2d 1164, 1167 (C.D. Cal. 2011). A request for injunctive relief should be denied when based on a complaint that fails to state a claim. See, e.g., Smith v. Cal. Dep't of Corr. & Rehabs., 2020 WL 1503431, at *4 (E.D. Cal. Mar. 30, 2020) ("[W]ithout a viable complaint the court cannot assess plaintiff's likelihood of success on the merits[.]"), adopted by 2020 WL 2126831 (E.D. Cal. May 5, 2020); Jaax v. United States, 2008 WL 4630559, at *2 (C.D. Cal. Oct. 17, 2008) (denying ex parte motion for a TRO where movant did not show "a probability of success on the merits because his complaint, as presently formulated, fails to state a claim on which relief may be granted"); Most v. Pritzker, 2020 WL 4582593, at *2 (S.D. Ill. Aug. 10, 2020) (denying motion for TRO and preliminary injunction because, "[a]s Plaintiff has failed to state a viable claim for relief, he has no reasonable likelihood of success on the merits"). Here, as Plaintiff has not alleged a viable claim, injunctive relief is not available. As such, the TRO Request is denied.

/ / /

/ / /

Therefore, for the foregoing reasons, IT IS HEREBY ORDERED that: (1) the TRO Request (Dkt. 13) is DENIED; and (2) Judgment shall be entered dismissing this action with prejudice.

Dated: 7/23/25

*Cynthia Valenzuela*
CYNTHIA VALENZUELA
United States District Judge